BEESTON, (PENTLARGE v.) See Cases Nos. 10,963 and 10,964.

BEHLIN, (GALE v.) See Case No. 5,189.

## Case No. 1,234.

BEHM v. WESTERN UNION TEL. CO.

[8 Biss. 131;[1] 7 Reporter, 710; 4 Cin. Law Bul. 334; 25 Int. Rev. Rec. 179; 11 Chi. Leg. News, 276.]

Circuit Court, D. Indiana. Jan. Term, 1878.

DUTY OF TELEGRAPH COMPANY—DELAY IN TRANSMISSION OF MESSAGE—MEASURE OF DAMAGES.

1. It cannot be expected that a message left for transmission with a telegraph company at a small station shall be forwarded and delivered at its destination as quickly as though it had originated at a large office.

2. At a small station, it is not the duty of the company to keep more than one operator, and if a message is left with a messenger during the operator's absence, and the message was forwarded on the operator's return, after a reasonable absence, the company is not guilty of negligence.

3. If the usual line of business between the two points is through a repeating office, the company is entitled to a reasonable time for the delay on account of other business at such repeating office.

4. Where the face of the dispatch does not indicate that the sender is liable to sustain loss if the dispatch is not promptly forwarded, and the company is not so informed, it is liable only for nominal damages.

[See Dorgan v. Telegraph Co., Case No. 4,-004.]

At law. Action [by Godlove O. Behm against the Western Union Telegraph Company] for alleged damages caused by delay in transmitting a telegram from Monticello to Lafayette, Indiana. The telegram was left by the plaintiff with the messenger, at the telegraph office at 11:55 a. m., April 2, 1877, and forwarded by the operator on his return from dinner, at 12:45, and delivered at the office of A. O. Behm, to whom it was addressed, at 3 p. m., a few minutes too late, as plaintiff claimed, to enable the desired transaction to be closed. [Judgment for defendant.]

John R. Coffroth and S. A. Huff, for plaintiff.

McDonald & Butler and John A. Stein, for defendant.

GRESHAM, District Judge, (charging the jury.) It was the duty of the telegraph company to send the message with reasonable dispatch. What was a reasonable time for sending a dispatch, you will determine from all the facts and circumstances. It is in evidence and not disputed that Monticello is a small town, where little business was done by the telegraph company; that the usual line for business between Monticello and Lafayette was through Logansport, where there was a repeating office; that on the other line there was only a single wire, used exclusively for railroad business, with no repeating office at Reynolds. Under the circumstances of this case, one competent operator and a mes-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

sage boy at Monticello was force enough for that office, and it was not negligence in the telegraph company for the operator to leave the office in charge of the messenger while he was absent a reasonable time at dinner; but whether the absence on this occasion was or was not reasonable, is a question for the jury. It was not the duty of the telegraph company, when the message was left at its office, to forward it to Lafayette as quickly as electricity would carry it. In determining what was a reasonable time, you will take into consideration what has been already said about the necessary force at Monticello, the absence of the operator at dinner, and the further fact that the message had to go through the office at Logansport, and the delays it was liable to encounter there on account of other business.

If, under the instructions already given, you find that the plaintiff has a cause of action, you will next determine the measure of damages. The dispatch, which was not written upon one of the printed forms of the telegraph company, reads thus: "Take separate deed to Marks for White Fountaine, Tippecanoe and Iowa, 4, and meet me at office at 9 to-night. (Signed) G. O. Behm." It is not insisted that when the dispatch was left with the operator at Monticello, he was informed of the nature of the business to which it related. You will remember that the plaintiff sent the dispatch to the office from the hotel, by the boy or young man named Crooks. Was the company informed by the mere reading of the dispatch, of the nature of the contract between the plaintiff and Reynolds, and that the plaintiff was liable to sustain loss if the dispatch was not promptly forwarded and delivered at Lafayette? If not, plaintiff is entitled to no more than nominal damages. It would be unjust to the telegraph company to hold it responsible for damages without limit, when it is not informed by the dispatch itself, or otherwise, that the sender might sustain heavy loss unless the message be transmitted and delivered immediately, or without delay.

If you find that the face of the dispatch informed the telegraph company of the character of the contract between the plaintiff and Reynolds,—if, in fact, there was a contract, and that the same was not fraudulent and void; that there was negligence in forwarding the dispatch to Lafayette; that Reynolds would have complied with the contract on the 2d of April, but for the company's negligence, then the plaintiff is entitled to a verdict for the difference between $300, the contract price, and the fair value of the land bargained for. But if you find there was nothing on the face of the dispatch to inform the company that the plaintiff would sustain loss if it was not promptly forwarded, and yet you find that the company was negligent, then you will find against the defendant for nominal damages only. And, if you find there was no negligence in receiving and

transmitting the dispatch, you will find for the defendant.

Verdict for defendant, and judgment accordingly.